HENRY H. GAGE

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa May 12, 1892.*

1. EMINENT DOMAIN—*petition to condemn land—no answer required.* Neither the statute nor the rules of practice require the defendants, in a proceeding to condemn private property for a public use, to file any answer to the petition, in order to enable them to appear at the hearing and introduce evidence, and otherwise participate in the trial.

2. SAME—*granting new trial at term subsequent to judgment.* On a proceeding to condemn three tracts of land, a new trial was awarded at the second term after verdict and judgment by consent of the parties, and thereupon the court, on its own motion, entered an order granting a new trial as to the other party who objected thereto : *Held,* that it was error to grant the new trial as to the party objecting, but that the error was cured by his subsequent election to proceed in the second trial.

3. VACATING JUDGMENT—*power of court after adjournment of term.* After the term of the court has expired at which a judgment is entered, as a general rule, subject to some exceptions, the court has no longer power to set aside or review such judgment, or entertain a motion for a new trial of the cause in which it is rendered.

4. SAME—*exceptions to the rule.* One exception to the rule is in the action of ejectment, when, by statute, the unsuccessful party may have a new trial within a year, upon payment of the costs. Another exception is when the successful party consents, in open court, to the setting aside of a judgment at a prior term, and the granting of a new trial.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

After the term of the court at which the judgment is entered has expired, the court has no longer power to review the same or to entertain a motion for a new trial therein. *Cook* v. *Wood,* 24 Ill. 295; *McKindley* v. *Buck,* 43 id. 488; *Smith* v. *Wilson,* 26 id. 186; *Savings Institution* v. *Nelson,* 49 id. 171; *Goucher* v. *Patterson,* 94 id. 525; *Becker* v. *Sauter,*

89 id. 596; *Humphreyville* v. *Culver,* 73 id. 485; *Coursen* v. *Hixon,* 78 id. 339; *Lill* v. *Stookey,* 72 id. 495; *Railroad Co.* v. *Holbrook,* 72 id. 419; *Windett* v. *Hamilton,* 52 id. 180; *Messervey* v. *Beckwith,* 41 id. 452; *County of Cook* v. *Canal and Dock Co.* 131 id. 505; *Jensen* v. *Grimshaw,* 125 id. 474; *People* v. *Zane,* 105 id. 669.

As there is a judgment entered in the court below at the June term, 1890, upon a full trial of the cause, from which no appeal or writ of error has been perfected, but which was sought to be set aside by the circuit court after the term at which it was entered had expired, the order remanding the cause should also direct the circuit judge to enter the judgment of July 15, 1890, as the judgment in this case. *Cook* v. *Wood,* 24 Ill. 295.

Mr. FRANCIS E. HALLIGAN, and Mr. EDWARD MAHER, for the appellee:

The court may, after the expiration of the term after which an erroneous judgment is entered, by consent of the parties, set aside such judgment and grant a new trial. *Humphreyville* v. *Culver,* 73 Ill. 487; 1 Black on Judgments, sec. 319.

When judgment is inadvertently taken in violation of a stipulation of the parties, and the trial is had out of the order on the docket, this will entitle the injured party to a new trial. And in such condition it is proper that a new trial be granted, even though the defendant be not altogether without fault. 3 Graham & Waterman on New Trials, 875, 877, 891; *Hanslow* v. *Wilks,* 5 Dowl. P. C. 295; *Rigney* v. *Hutchins,* 9 N. H. 257; *Price* v. *Ford,* 7 Mon. 399.

Has appellant, Gage, a right to complain after having elected to go to trial in October, 1890, and after receiving a fair compensation for the land taken?

Mallette and Brownell not being appellees in the case and having no connection therewith, can the Supreme Court by any action here, as to the Gage interests, alter the judgment

as to the said Mallette and Brownell property, or shall the decision here affect and relate to Gage's property and rights only ?

Mr. JUSTICE BAKER delivered the opinion of the Court:

The city of Chicago passed an ordinance for the opening of Wright street, from Seventy-second street to Seventy-fourth street, and filed a petition in the circuit court of Cook county to condemn certain property of appellant, Gage, and certain other property of James P. Mallette and Ralph E. Brownell, for the purposes of such street. The petition sought to condemn three pieces of land,—one a strip sixty-six feet wide in premises owned by appellant, and the other two being out-lot A and out-lot D, belonging to said Mallette and Brownell. Summons was issued and served personally on appellant and on Mallette and Brownell, and appellant filed an answer, which stated that he was the owner of the property stated in the petition to be his, and that he was entitled to the compensation to be awarded therefor if the petitioner was successful, and that he neither admitted nor denied the right of the city to maintain the petition. Mallette and Brownell filed no answer, but neither the statute nor the rules of practice required of them the filing of an answer in order to enable them to appear at the hearing and introduce evidence, and otherwise participate in the trial. *Chicago and Iowa Railroad Co.* v. *Hopkins,* 90 Ill. 316 ; *Smith* v. *Chicago and Western Indiana Railroad Co.* 105 id. 511.

It appears that Mallette, and the attorney of Mallette and Brownell, attended the court two days, awaiting the trial of the case ; that it was twice called for trial, and twice passed on account of the absence and other engagements of counsel for Gage ; that they thereupon imparled with Mr. Donlin, who was acting in the case as attorney and counsel for the city, and with the principal witness for the city, and it was agreed that the value of their property sought to be taken was

$5600, and it was stipulated that the case should be passed
to the foot of the condemnation calendar, and that either the
sum above named should be allowed as compensation, or else
said Mallette and Brownell should be notified, so as to enable
them to make defense, and that said Mallette was told by Mr.
Donlin that it would not be necessary for him to pay any more
attention to the case.     It also appears that afterwards, on
July 15, 1890, Mr. Halligan appeared as attorney and counsel
for the city; that Mr. Donlin was absent from the court, and
that Mr. Halligan had no knowledge of the aforesaid agree-
ment; that the case was thereupon taken up and tried before
a jury, in absence of Mallette and Brownell and their attorney,
and without notice to either of them, and a verdict returned
by the jury fixing the just compensation of appellant at $2000,
and the just compensation of Mallette and Brownell for out-
lot A at $1000 and for out-lot D at $1000, and that no judg-
ment based on said verdict was entered of record, but that
entries were made in the clerk's minute book and in the clerk's
docket, showing, among other things, "judgment on verdict."
It likewise appears that neither Mallette and Brownell nor
their attorney were advised of the trial that had taken place,
until the 25th or 26th of July, 1890, and that they thereupon,
and on July 28, 1890, made application to the court for a new
trial, grounded on affidavits showing the facts above stated.

At the hearing, on the day last mentioned, of the motion
for a new trial, the city appeared by counsel, as also did Mal-
lette and Brownell, but the appellant was not either repre-
sented or notified.     The city, by its counsel, acknowledged
in open court that the agreement and facts as set forth in the
affidavits were true, and that it was willing and insisted that
because thereof a new trial should be had as to the property of
Mallette and Brownell.     It was thereupon ordered by the court
that the motion for a new trial as to the property of Mallette
and Brownell should be granted *nunc pro tunc* as of July 15,
1890, and the court further ordered, *sua sponte*, that a new

trial should be granted appellant *nunc pro tunc* as of July 15, 1890. Thereafter, on October 31, 1890, the cause again came on for trial, and appellant objected to a new trial being had therein, and moved the court to allow and order the verdict and judgment of July 15, 1890, to stand as the verdict and judgment in the case as to the whole of the property in the petition mentioned. The court then gave the appellant an election to either proceed with a second trial as to the property owned by him, or allow the verdict and proceedings of July 15, 1890, to stand as to such property, the court at the same time announcing that it would permit the second trial to proceed as to the property of Mallette and Brownell,— whereupon appellant objected to the ruling of the court, but, under the ruling of the court to make his election, elected to go to trial. The court then made an order *nunc pro tunc* as of July 15, 1890, granting a new trial as to all of the property. The second trial was then proceeded with, and upon said trial all the parties introduced evidence and were heard, and the jury returned a verdict giving appellant $4500 as just compensation for his property, and giving Mallette and Brownell $2250 as just compensation for out-lot A and $2250 as just compensation for out-lot D.

No claim is made by appellant that the $4500 allowed him for his land at the second trial is less than a proper compensation therefor. Neither does he complain, even if we assume that he has a right on this appeal to make such a complaint, that the amounts given by the verdict at said trial to Mallette and Brownell are in excess of a just and fair compensation for their lots which were taken for a public street. The only errors assigned and insisted upon are such as are based upon the proceedings above set forth, taken in connection with the fact that the trial and proceedings had on July 15, 1890, were a part of the proceedings of the June, 1890, term of court; that the making and allowing of the motion for a new trial on July 28 were proceedings of the July term, and the order

of October 31, granting a new trial as to all of the property, a proceeding of the October term. The bill of exceptions recites that on July 15, 1890, "the respondent, Henry H. Gage, moved the court for a new trial, which motion was then and there overruled by the court and judgment pronounced on said verdict." We will assume for the purposes of the decision that this sufficiently shows the rendition of judgment at that time.

The contentions of appellant are, that after the term of the court has expired at which a judgment is entered, the court has no longer power to set aside or review such judgment, or entertain a motion for a new trial of the cause in which it is rendered, and that such doctrine has application to the case at bar. The rule contended for undoubtedly is the general rule, and it was so held by this court in *Cook* v. *Wood*, 24 Ill. 295, and followed in many subsequent cases. There are, however, exceptions to the rule. One exception obtains in actions of ejectment, where, by express statutory provision, the unsuccessful party may, at any time within one year after judgment, have such judgment vacated and a new trial granted, upon the payment of all costs. (Rev. Stat. chap. 45, sec. 35.) Another exception was announced in *Humphreyville* v. *Culver, Page, Hoyne & Co.* 73 Ill. 485, where it was held, that although a court can not set aside its own judgment at a subsequent term of court without consent, yet with the consent of both parties to the suit it may do so. Here, so far as out-lot A and out-lot D were concerned, the city of Chicago was party plaintiff and Mallette and Brownell parties defendant, and, as we have already seen, the city admitted in open court the agreement to either allow the sum agreed upon as the fair price of the land, or else notify said parties, so as to enable them to be heard in the matter of the ascertainment of the just compensation for said land, and consented that as to the property of said parties the verdict and proceedings of July 15 should be set aside and a new trial granted. This clearly brought the case within the exception stated in *Humphreyville*

v. *Culver, Page, Hoyne & Co.*, and it was not error, under the circumstances, to set aside the verdict and judgment and grant a new trial at the subsequent term.

So far as granting a new trial to Mallette and Brownell is concerned, it is a matter of no moment that it was in the absence of appellant, and that he was not represented or notified. While he, as well as they, were parties defendant to the proceeding instituted by the city for the purpose of determining the just compensation to be paid for the private property taken for the street, yet it was in respect to other and different pieces of land. It was no concern of appellant, as owner of the sixty-six feet of land taken from him for said street, what compensation was paid to Mallette and Brownell for their two out-lots taken for said street. The condemnation proceeding embodied two separate and distinct suits or contentions, and these might be either submitted to one and the same jury or to separate juries. (1 Starr & Curtis' Stat. chap. 24, p. 489, par. 123.) It was, however, improper for the court, in the absence of appellant and without his consent, to set aside, *sua sponte*, the judgment in favor of him, and award him a new trial, *nolens volens*. It may manifestly have been for his interest that this should be done, but the court had no authority to force a new trial upon him, without his consent, after the term had expired. But whatever of error there was in this action of the court was cured by the subsequent proceedings in the court, when appellant was given an election, as to the property owned by him, to either abide by the verdict and judgment of July 15 or consent to and take a new trial, and he exercised such election, and elected and consented to take a new trial.

We find no substantial error in the record of which appellant can complain. The judgment is affirmed.

*Judgment affirmed.*