(No. 11958.—Judgment affirmed.)

AUGUST HANSMEYER *et al.* Appellants, *vs.* THE INDIAN CREEK DRAINAGE DISTRICT No. 2, Appellee.

*Opinion filed June 20, 1918—Rehearing denied October 4, 1918.*

1. DRAINAGE—*when land owners cannot object to order vacating appointment of commissioners.* Where an original petition for the organization of a drainage district is filed and commissioners are appointed and the cause continued pending their report, objectors whose land is included in a supplemental petition seeking to add more territory to the district cannot object to an order vacating the appointment of the commissioners under the original petition, in which their lands were not included and to which they were not parties.

2. SAME—*under section 4 of Levee act petition for organization of district may be amended.* Under section 4 of the Levee act a legal petition sufficient to confer jurisdiction on the county court for the organization of a drainage district may be amended by permitting the signatures of other petitioners to be added, by chang-

ing the plan of the work proposed or by changing the boundaries of the district, and the court may treat the original and a supplemental petition as one amended petition, in accordance with the request of the signers of both petitions.

3. SAME—*when land owners cannot object that report does not show commissioners examined land after re-appointment.* Where, upon the filing of a supplemental petition to include more territory in the district, the appointment of the drainage commissioners is vacated by consent and the same commissioners are again appointed, land owners in the new territory cannot object that the commissioners' report does not show they went upon and examined the land after their second appointment, where they had just completed a thorough examination of the entire district, as shown by their report.

4. SAME—*drainage district may be organized without including all land benefited.* There is no requirement of the Levee act that all the lands which will be benefited must be included in the organization of a drainage district, for the act provides means for adding to a district lands which were not included in it but have been benefited by the work.

5. SAME—*petition for organization of a district may be filed in county where most of land lies.* The Levee act provides that the petition for the organization of a drainage district may be filed in the county in which the greater part of the lands proposed to be organized into a district shall lie, and it is not required that the greater part of the lands *benefited* shall lie in that county.

APPEAL from the County Court of Morgan county; the Hon. THOMAS HENSHAW, Judge, presiding.

W. H. DIETERICH, for appellants.

WORTHINGTON, REEVE & GREEN, and R. N. ANDERSON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from an order of the county court of Morgan county establishing Indian Creek Drainage District No. 2 under the Levee act.

The petition for the organization of the district was filed in the county court of Morgan county on November 27, 1916. The work proposed was the construction of a

main channel by deepening, straightening and widening Indian creek from the terminus of the main drain of the Indian Creek Drainage and Levee District in Morgan county to the Arenzville-Meredosia road within the corporate limits of the village of Arenzville, in Cass county, the road within the village being known as Main street. The petition was heard December 26, commissioners were appointed, and the cause was continued from term to term for their report, which was filed on July 3, 1917, and was set for hearing on July 31. On June 27 thirty petitioners filed a petition called a supplemental petition, addressed to the county court, referring to the original petition, reciting the appointment of commissioners, describing a number of tracts of land in Cass county along Indian creek, below the land described in the original petition, which they asked to have added to the proposed district, and describing also the starting point, route and terminus of a main drain and of a lateral drain which they ask to be constructed in connection with and in addition to the drain described in the original petition, and praying that the district be organized to include both the lands mentioned in their petition and in the original petition, that their petition be treated as an amendment to the original petition, and that their several signatures may have the same legal effect as if they had signed the original petition.

In their report the commissioners stated that the starting point, route and terminus of the work proposed in the original petition were not altogether feasible and proper and referring to the supplemental petition that the starting point, route and terminus described in it were feasible and proper; that the district proposed in the original petition will not embrace all the lands damaged or benefited by the proposed work, but that the lands described in the supplemental petition will be benefited and should be added to and become a part of the district. On July 31, the day set for

the hearing of this report, sixteen owners of the land included in the supplemental petition entered what they called a limited appearance for the purpose of objecting to the confirmation of the report and filed numerous objections. The hearing of the report was continued until August 2. On that day the original petitioners amended their petition, reciting the filing of the supplemental petition, accepting and adopting it as an amendment to and a part of their petition, and praying that it be treated as an amendment to their original petition and that the main drain in their original petition described be extended as in said supplemental petition described. The motion of all the original and supplemental petitioners and of the commissioners to amend the petition was allowed, and thereupon the original and supplemental petitioners and the commissioners entered a motion for leave to withdraw the report of the commissioners and the exhibits filed with it, to set aside the order of December 26, 1916, appointing commissioners, that the supplemental petition be treated as an amendment to the original petition, that the two petitions be consolidated and thereafter treated as one petition, to be known as the amended petition, and that the amended petition be set down for hearing and notice thereof given. This motion was allowed, the petition set for hearing August 28, and notice was given as required by the statute in case of an original petition. On that day the land owners again entered a limited appearance and moved the court to dismiss the amended petition upon the ground that the court had no jurisdiction to order the supplemental petition to be treated as an amendment to the original petition or to vacate the order appointing the commissioners. The motion was overruled and an order was entered appointing the same commissioners who had been previously appointed and continuing the cause until August 31 for their report. The report of the commissioners was in favor of the organization of

the district, the objecting land owners filed objections, which were overruled, and an order was entered declaring the district organized, from which the appeal was taken.

It is insisted that the court erred in vacating the order appointing commissioners and permitting the petition to be amended by consolidating the supplemental petition with it and permitting additional signatures to the original petition. The appellants were in no way interested in the original petition or in the order appointing commissioners under it. Their lands were not mentioned in that petition and they were not parties to it. When the commissioners' report included their lands they objected to its confirmation. The vacation of the appointment of the commissioners necessarily deprived their report of any legal effect and accomplished the result which the appellants were seeking. · They cannot complain of the order for they were not injured by it and the result was to leave them entirely unaffected by the proceedings. The order appointing commissioners was interlocutory, the petition was still pending, all the parties were in court and by consent the order was set aside. Even if the court was without power to set aside the judgment without consent, yet by consent of the parties it could do so. (*Gage* v. *City of Chicago,* 141 Ill. 642.) Section 4 of the Levee act authorizes the court, upon application of the petitioners, to permit the petition, affidavit and orders to be amended without restriction, except that no petitioner shall be permitted to withdraw from the petition except by the consent of the majority of the other petitioners or when the signature of the petitioner was obtained by fraud or misrepresentation. There is no prohibition of an amendment by permitting the signatures of other petitioners to be added, by changing the plan of the work proposed to be done or by changing the boundaries of the district.

*Drummer Creek Drainage District* v. *Roth,* 244 Ill. 68, is cited as authority for the proposition that section 4 does

not authorize an amendment changing the boundaries of the district. In that case the amended petition did not appear to be signed by anyone, and the original petition was not sufficiently definite to indicate accurately the boundaries of the district, the number of acres of land or the number of owners. No petition sufficient to confer jurisdiction on the county court was ever filed, and the original petition was so defective as to furnish no legal basis for amendment. Here a legal petition sufficient to confer jurisdiction on the county court, to which no objection is made, was filed, and the court was authorized to permit it to be amended. The original petitioners signed a petition adopting the supplemental petition as an amendment to the original petition and asking that it should be treated as such amendment. The supplemental petition similarly adopted the original petition as a part of the supplemental petition, and the court permitting the amendment to the petition directed the two together to be regarded as the amended petition. If a petition had been prepared in duplicate and some of the petitioners had signed one and the rest another of the duplicates and both had been filed they would have constituted a single petition, and there is no substantial difference in what was done here.

One of the errors assigned is that the court permitted the attorneys who represented the petitioners to represent the commissioners, but the briefs do not indicate any objection made or any ruling of the court or how the objection arises on the record, and the assignment will not be considered.

An objection was made to the report of the commissioners that they did not go upon and examine the lands of the district after their appointment. They did not go upon the lands of the district together after their appointment on August 28 before making their report on August 31 though they were within the boundaries of the district during that

time.  Their report shows that they did examine the lands of the district.  There was no occasion for an examination so far as informing themselves was concerned.  A thorough and minute examination was not required, for it would have added nothing to their knowledge, since they had just completed a thorough examination of the entire district.  This objection was properly overruled.

Two objections were made that the boundaries of the district do not include all the lands that will be benefited by the improvement and that they do. include lands that will not be benefited.  No one, who is not benefited is objecting because his land is included, and the appellants can not be injured by the inclusion of any land not benefited or complain of it.  There is no requirement of the statute that all the lands which will be benefited must be included in the district, for it provides means for adding to a district lands which were not included in it but have been benefited by the work.

The appellants insist that the county court of Morgan county had no jurisdiction of the petition because the greater part of the lands benefited are not in Morgan county but in Cass county.  The statute provides that the petition for the organization of the district may be filed in the county in which the greater part of the lands proposed to be organized into a drainage district shall lie.  The number of acres in Morgan county included in the territory proposed to be organized into the district was 2280.5 and the number in Cass county 2183.87.  A tract of 40 acres in Cass county was stricken from the petition.  The greater part of the land was therefore in Morgan county and the county court of that county had jurisdiction.

*Judgment affirmed.*