BENJAMIN H. STANTON v, THE BOARD OF EDUCATION
OF NEPTUNE CITY ET AL.

Argued June 3, 1902—Decided November 10, 1902.

1. A special meeting of the voters of a school district may be legally held to order the raising of a tax which had been refused at the previous annual meeting.
2. The phrase "current expenses" or "running expenses" is sufficiently definite to denote one of the purposes for which a school tax is to be levied.
3. An objection not pointed out by any of the reasons filed cannot prevail on *certiorari*.

---

On *certiorari*.

Before Justices DIXON, HENDRICKSON and PITNEY.

For the prosecutor, *Acton C. Hartshorne.*

For the defendants, *Ruliff V. Lawrence.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up a resolution of the board of education of Neptune City, passed April 4th, 1902, authorizing a call for a special meeting of the voters of the school district of Neptune City, to be held April 16th, 1902, to consider the question of ordering a district tax of $1,800 for current expenses. The proceedings had in pursuance of that resolution are also certified in response to the writ.

Some of the reasons assigned for setting aside these proceedings are disposed of by the opinion delivered at the pres-

ent term in the case of *Rosell* v. *Board of Education, post p.* 498.

A reason not there considered is, that the voters of the district had, at their annual meeting held March 18th, 1902, rejected a proposition of the board of education to raise $2,946, of which $1,000 should be for the current expenses, and had then voted to raise only $1,110, of which $200 should be for current expenses; and therefore, the prosecutors insist, it was illegal to call or hold another meeting to vote a larger sum in the same year.

The question thus presented has already been decided adversely to the contention of the prosecutors, on provisions of the School law substantially identical with those now existing. *Conf.* School law of March 27th, 1874 (*Rev., p.* 1071), section 39, paragraph 11 and section 86, with School law of March 26th, 1902 (*Pamph. L., p.* 69), section 91, paragraph 10 and section 179. *Trustees of School District* v. *Lewis, Collector,* 6 *Vroom* 377; *Stackhouse* v. *Clark,* 23 *Id.* 291.

The prosecutors also object because the purposes for which the tax is to be raised are not otherwise specified than by the phrase "current expenses" or "running expenses."

The phrase "current expenses" is that used in the School laws above cited to denote one of the purposes for which a tax may be ordered, and we consider it sufficiently definite. The phrase "running expenses" is identical in signification.

Further objection is made by the prosecutors with regard to the certificate issued by the clerk of the district to the assessor of the borough as his authority for levying the tax.

This certificate is certainly defective, in failing to show, as the School law requires, that the special meeting had been duly ordered by the board of education (*Lamb* v. *Hurff,* 9 *Vroom* 310), and that notice of the call had been put up on each school-house in the district. *Quaid* v. *Trustees,* 20 *Id.* 607. But there is no reason on file capable of supporting this objection. The eighth of the reasons filed, objecting to the call and the meeting, might be sufficient, if it were not for the seventh paragraph of the stipulation in the case, that the notices were posted according to law. As the return to

the writ shows a legal order by the board of education, and this stipulation shows due notice of the call, both the order and the meeting appear to have been legal, notwithstanding the defects in the subsequent certificate of the clerk.

The proceedings are affirmed, with costs.