THE MERIDIAN LINE DRAINAGE DISTRICT, Appellee, *vs.* JOHN WISS *et al.* Appellants.

*Opinion filed April 19, 1913—Rehearing denied June 5, 1913.*

1. DRAINAGE—*the amendment of 1909, authorizing assessment "to pay obligations incurred for current expenses," construed.* The amendment of section 37 of the Levee act in 1909, authorizing an assessment "to pay obligations incurred for current expenses," etc., authorizes the commissioners, when all of the funds raised have been honestly applied to the construction of the work, to levy an assessment to pay the just claims of the commissioners for their services, court costs, witness fees, unpaid balance of attorney's fees, and the like.

2. SAME—*a debt incurred by drainage district for current expenses is within the amendment of 1909.* The amendment of section 37 of the Levee act, in 1909, authorizes an assessment not only for "current expenses," which would include any continuing, regular expenses in connection with the work, but also to pay "obligations" incurred for current expenses, and hence includes within its meaning a debt incurred by the district for current expenses.

FARMER, J., dissenting.

APPEAL from the County Court of Fayette county; the Hon. JOHN H. WEBB, Judge, presiding.

BROWN & BURNSIDE, for appellants.

ALBERT & MATHENY, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The Meridian Line Drainage District was organized in Fayette county under the Levee act in 1906. The improvements contemplated were a series of ditches. Assessments were levied and collected and the ditches were constructed. The ditches were not entirely satisfactory, and in 1909 an additional assessment was levied to lay a line of tile in the bottom of the ditches. This assessment aggregated about $2500. It was paid in full by the land owners. Before the tile work was installed it was ascertained that the amount levied was insufficient to meet the expenses. By mutual agreement of all the land owners in the district another assessment of $499.28 was added, making a total assessment for the tile work of approximately $3000, all of which was paid. The tile was laid and paid for. After paying for the improvement the district had a very small sum in the treasury. The commissioners filed a report showing the expenditure of substantially all the money collected under the assessments, and with it a statement showing that there were unpaid, commissioners' fees $272.53, clerks' fees $40, printing $29.60, cement $1.43, witness fees $17.55 and attorney's fees $15, making a total indebtedness of $376.11. The commissioners attempted to have an assessment levied, by agreement, for the purpose of paying the debts of the district, but the land owners would not consent. A petition was filed for an additional assessment to pay the debts of the district, including $255 for attorney fees and other expenses in connection with the spreading of the assessment. By an amendment to the petition the commissioners asked for $26 to be levied to construct a pit at the outlet of the main tile to make a better outlet. The land owners of the district filed objections to this assessment. The objections

were overruled and judgment of confirmation was rendered. The objectors have prosecuted an appeal to this court.

The only objection urged that requires consideration is that the statute does not authorize the levy of an assessment to pay for work previously done. Appellants rely on *Winkelmann* v. *Moredock and Ivy Landing Drainage District,* 170 Ill. 37, *Ahrens* v. *Minnie Creek Drainage District,* 170 id. 262, and *Vandalia Drainage District* v. *Hutchins,* 234 id. 31. In these and other cases this court held that drainage commissioners have no power to create an indebtedness for completing an improvement and then levy an assessment to meet it. Since these decisions were rendered the legislature has amended section 37 of the Drainage act by adding to the purposes for which an assessment may be levied the following words: "to pay obligations incurred for the current expenses of said district, or in the keeping in repair and protection of the work of such district." This amendment was added in 1909, and was clearly intended to enlarge the powers of the commissioners as to the purposes for which a special assessment might be levied.

Appellants contend that the amendment merely authorizes a special assessment to meet "current expenses" which may accrue during the year. "Current expenses" have been held to be equivalent to "running expenses," and mean any continuing, regular expenditures in connection with the carrying on of business for which the municipality is organized. (*State* v. *Board of Education,* 68 N. J. L. 496; 53 Atl. Rep. 236.) The *per diem* allowed drainage commissioners, attorney fees and court costs are within the meaning of "current expenses." But the language of the amendment of 1909 not only authorizes a levy to meet current expenses but also "to pay obligations incurred for the current expenses." An "obligation incurred" implies the existence of a debt, hence a debt incurred by the drainage district for current expenses is within the language of the statute.

The intention of the legislature in passing the amendment of 1909 was to enable drainage districts to meet situations such as existed in this district. Here the drainage commissioners had faithfully applied all of the assessment toward the improvement for which it was levied. After completing the payment for the work there were no funds on hand to pay the commissioners their just claims for services nor to pay the court costs, witness fees, and the like. If the commissioners had appropriated a part of the assessment to the payment of these expenses, the result would have been the work could not have been finished and an additional levy to complete the work would have been necessary. They did not take this course but used all of their funds to complete the work, and then petitioned for this additional assessment to pay the just obligations of the district for current expenses. We are of the opinion that under the law as amended in 1909 this assessment was properly levied and that the court did not err in overruling the objections thereto.

The judgment of the county court of Fayette county will therefore be affirmed.            *Judgment affirmed.*

Mr. JUSTICE FARMER, dissenting:

As I understand this record, the greater part of the amount for which the last assessment was made and confirmed is for expenses incurred under a previous assessment and for the payment of which the previous assessment was supposed to be sufficient when made. In my opinion the unpaid cost of the work done under the previous assessment is not an obligation "incurred for the current expenses" of the district for which an additional assessment was authorized under the amendment of 1909. I construe "current expenses," as there used, to mean the same thing as "running expenses," and it was not the intention of the legislature to permit the drainage commissioners to levy

an additional assessment to pay a debt incurred in the completion of the work for which an assessment had been made. The additional assessment can only be lawfully made before such debt is incurred.