OF

# THE SUPREME COURT

OF THE

# STATE OF ILLINOIS,

## NOVEMBER TERM, 1850, AT MOUNT VERNON.

THE COUNTY OF RICHLAND, Pltffs in Error *v.* THE COUNTY OF LAWRENCE, Defts in Error.

### ERROR TO LAWRENCE.

The money appropriated by the act to establish and maintain a general system of Internal Improvements, approved Feb'y 27, 1837, to the counties through which no railroad or canal was provided to be made, was subject to legislative control, and until definitively appropriated might have been resumed or diverted at the will of the legislature, prior to the passage of the law of 1845, which gave the money absolutely to certain counties.

The state may make a contract with, or a grant to a municipal corporation, which it cannot impair or resume.

A grant made to a public corporation for purposes of private advantage, although the public derives a common benefit therefrom, stands on the same footing that it would have done, had it been made to any body of persons.

Public or municipal corporations, existing only for public purposes, possessing only such powers as are granted to them, are subject at all times to the control of the legislature.

This was a bill filed in the Lawrence Circuit Court, by Richland County, for the purpose of obtaining from the former for the benefit of the latter County, a portion of the fund appropriated by the legislature in 1837 for the benefit of such Counties as had not any railroad or canal passing through them. By virtue of this law, Lawrence County received the sum of $11,125 00; subsequently to this appropriation, Richland County was created out of the County of Lawrence and the County of Clay. After the County of Richland was created, the legislature passed a law, directing that Lawrence County should pay out of the fund

received as aforesaid, to Richland County, such proportion of the fund, as the population of Richland County or that part of the territory taken from Lawrence County, as compared with the whole population, should show Richland County entitled to have.

Lawrence County refused to pay any portion of the fund for the benefit of Richland County. This bill was filed to compel Lawrence County to pay over the money. The bill was dismissed for want of equity, at the September Term, 1849, of the Lawrence Circuit Court.

Richland County sued out this writ of error, assigning for error the dismissal of the bill.

A. KITCHELL, for County of Richland.

It is insisted that the statute in question violates Sec. 10, Art. 1 of the Constitution of the U. S., because it impairs the obligation of a contract. And that it violates Sec. 1, Art. 1 of the State Constitution, because it is an assumption of judicial powers. A statute should never be decided to be unconstitutional, except in cases of clear necessity. Dorman v. Lane, 3 Scam. 240; The People v. Marshall, 1 Gil. 688.

The act does not impair the obligation of a contract. The County is a public corporation and subject to legislative control, she cannot enter into a contract with the state.

Sec. 4 Schedule of the Constitution; 1 Greenleaf Ev. § 331; 2 Kent, 274, 305; 3 Story's Com. on Const. 260; The People v. Wren, 4 Scam. 273–4; Coles v. The County of Madison, Breese 120; Commonwealth v. Bent, 1 Missouri, 170–1; Bush v. Shipman, 4 Scam. 191; The People v. Morris, 13 Wend. 337; Holliday v. The People, 5 Gil. 216; Dartmouth College case, Peters' Condsd. Rep. 538, 556, 561.

The entire subserviency of a county to legislative control being established, the power to interfere with, take and dispose of the funds, follows necessarily. Shaw v. Dennis, 5 Gilman, 417; Thomas v. Leland, 24 Wend. 63.

Admitting the county could not be deprived of moneys or funds, which belong to the county for ordinary purposes of expenditure; yet the fund in question was a special public fund, deposited with the County for special purposes. The county

was but the trustee for the public use. The legislature continued to exercise control over this appropriation, until 1845, when it was given up wholly to the Counties. Acts of 1845, p. 50; Acts of 1839, p. 44, 81, 258, 261; The People v. Moon, 3 Scam. 126; The County of Pike v. The State, 11th Ills. R. 203.

The act, is not an assumption of judicial powers. Shaw v. Dennis, 5 Gil. 407; People v. Moon, 3 Scam. 126; Thomas v. Leland, 24 Wend. 65.

The power of the legislature is only limited by the constitution of the state, and of the U. States. While her acts are kept within those limits, her power is omnipotent for all purposes of legislation. Sawyer v. The City of Alton, 3 Scam. 127; Mason v. Wait et al., 4 Scam. 134.

W. B. SCATES & U. F. LINDER, for the County of Lawrence.

This money has long since been paid to Lawrence County by the state, and disposed of by her, as shown by the bill.

Counties are created bodies "corporate and politic," and authorised to sue and be sued, in the name of each county respectively. R. L. 1833, p. 139, sec. 1; 1 Scam. 97; 5 Gil. 513.

They are made capable of taking, holding, and disposing of lands, chattels, &c., by deed, &c. R. L. 1833, Secs. 2, 3, 4; 1 Scam. 97; 5 Gil. 513.

Also to appoint agents, &c., whose contracts are binding upon the county. R. L. 1833, Sec. 5.

County Commissioners are agents of the "county," in the management of their suits, &c. R. L. 1833, Sec. 1, 3; 1 Scam. 97; 5 Gil. 513.

Fines and penalties are given to the Commissioners' Court for the use of the county treasury. R. L. 1833, p. 141, sec. 1.

The legislature has also organized a separate, distinct jurisdiction for municipal and political purposes, viz: "the County Commissioners' Court," and invested it with certain limited judicial and ministerial powers, to be exercised for the benefit of the inhabitants of the county, for public, political, municipal, and police purposes. R. L. 1833, p. 142, Secs. 1 to 12. inclusive.

"Public and municipal corporations may stand, as to grants made to them by the state, on the same footing as would any individual or private corporation, upon whom like special fran-

chise may have been conferred." Angel & Ames on Corp. 30, 31; Bailey *v.* Mayor, &c. N. Y., 3 Hill, 531.

A public municipal corporation, besides the powers granted for public purposes, may also have other powers and rights in relation to property, and these powers and rights ought not to be confounded. 3 Hill, 531; Modalay *v.* East India Co., 1 Brown Ch. R., 469; 1 Scam., 97; 5 Gil., 513.

The legislature may alter, modify, or destroy the corporation and its powers, but it has no more constitutional power over its rights of property, its contracts, &c., than it has over those of individuals and private corporations. Angel & Ames on Corp., 31, note 1; Bowdoinham *v.* Richmond, 6 Greenleaf, 113; 2 Kent Com., 305 and 306, note *b.*

But the legislature has no power to impair the obligation of a contract, and this applies equally to property in possession, under contracts executed, or to "grants," and whether by the state or individuals. 3 Story Com. Const., 241, 242, 243, sec. 1370 to 1374 inclusive; State of Maryland *v.* Balt. & Ohio R. R. Co., 3 How., 548.

So grants of land by the state are irrevocable, whether made to "parishes, towns, or private" persons. 3 Story Com. Const., 257–8; Terret *v.* Taylor, 3 Cond., 259; Town of Pawlet *v.* Clark *et al.,* 3 Cond., 418; Fletcher *v.* Peck, 2 Cond., 208.

And so, by a parity of reason, would be a grant or gift of money or property.

The defendant claims, therefore, that by the grant of this money by the state, and after its receipt, it became the property of Lawrence County, for the use of the *inhabitants* of the county for the objects intended by the gift, and consequently beyond legislative assumption, without a violation of the Constitution of the United States and of this state. Clause 1, Sec. 10, Art. 1, Const. U. S.; Sec. 1, 2, Art. 1, Const. Ills.; Sec. 16, Art. 8, Const. Ill.

The act of Feb. 21, 1843, which gives Richland County a portion of this money, is unconstitutional and void, being in violation of both Constitutions. *Ibid.*

It *adjudges* Lawrence County to be indebted to Richland County, and imposes a penalty for non-payment, and therefore is unconstitutional and void. Sec. 1, 2, Art. 1. Const. Ills.; Sec. 16, Art. 8, Const. Ills.

The legislature cannot take the property of one individual,

county, or corporation, and give it to another, or apply it to public uses without just compensation, or by consent; which is here attempted. Sec. 8, 11, Art. 8, Const. Ills.; County of Hampshire *v.* County of Franklin, 16 Mass., 75; Bowdoinham *v.* Richmond, 6 Greenleaf, 112; 2 Wend., 135; 16 Conn., 171, 172; 4 Mass., 329, 390.

Neither can the legislature *adjudge* an individual, county, town, or corporation, to be indebted to another. Dorman *v.* Lane, 3 Scam., 240; Sec. 1, 2, Art. 1, Const. Ills.; 16 Mass., 75; 6 Greenleaf, 112.

Nor can they constitutionally act, where the *consequences* of the act lead to the creation of a debt, or the fixing of a liability or debt upon another—as by legalizing the marriage of a female pauper, they cannot change her residence to that of her husband, and so charge another town with her maintenance. Inhabitants of Brunswick *v.* Inhabitants of Litchfield, 2 Greenleaf, 28.

So in this case, by the organization of a new county, partly out of the County of Lawrence and partly out of Clay, the legislature cannot create an indebtedness from Lawrence to the new County.

The state has no power, without the consent of parties, to compel them to submit to a special, certain mode of adjustment and settlement by arbitration of disputes about property, though the state be a party. Little *v.* Frost, 3 Mass., 116.

Nor suspend a particular provision of law for the benefit of one individual, by which a liability of another is revived. Holden *v.* James, admr., 11 Mass., 396.

Having established these positions and principles by the foregoing authorities, the defendant would present the following cases, in which it was holden that property was vested in the *inhabitants* of towns by dedications of the proprietors to public uses.

Lebanon *v.* Warren County, 9 Ohio, 80; Le Clerc *et al. v.* The Trustees of Gallipolis, 7 Ohio, 217; The State of Maryland *v.* The Baltimore & Ohio R. R. Co., 3 Howard, 548; New Orleans *v.* The United States, 10 Peters, 720.

TRUMBULL, J.    The County of Richland filed a bill in chancery against the County of Lawrence, alleging that the latter was one of those counties through which no railroad or canal was provided to be made, by the act to establish and maintain a Gen-

eral System of Internal Improvements, approved Feb'y 27, 1837; that the 15th division of sec. 18 of said act declared, "There shall be appropriated the sum of two hundred thousand dollars of the first moneys that shall be obtained under the provisions of this act, to be drawn by the several counties in a ratable proportion to the census last made, through which no railroad or canal is provided to be made at the expense or cost of the State of Illinois; which said money shall be expended in the improvement of roads, constructing bridges, and other public works;" that the County of Lawrence, in November, 1838, received her ratable proportion of said fund, amounting to eleven thousand one hundred and twenty-five dollars; that in 1841, the County of Richland was created, being formed in part from the County of Lawrence; that at the time of the formation of the County of Richland but a small portion of the fund received by Lawrence County had been expended; and that the legislature by an act entitled, "An act for the relief and benefit of Richland County," approved Feb'y 21, 1843, provided as follows: "That the County of Richland shall be and is hereby authorized to demand and receive from the County of Lawrence her proportion of said appropriation, according to the following terms and conditions: first, the census for the state of Illinois, for one thousand eight hundred and forty, shall be taken as the ratio of population in said counties; second, that part of the County of Richland which was taken off the County of Lawrence, shall be entitled to receive of the fund which the County of Lawrence received of said appropriation, a proportionate share, according to the relative number of inhabitants in said part of Richland County, compared with the inhabitants of the present County of Lawrence, as exhibited in the State census, for one thousand eight hundred and forty." The act further goes on to provide that if any portion of said fund had been expended in that part of Lawrence County which was stricken off to Richland, that it should be deducted from the sum due Richland, that Lawrence should be entitled to pay the balance in notes; that Richland should bear her proportion of the losses which Lawrence might have sustained in loaning the fund; that the county commissioners of the respective counties should meet and make a settlement, and that in case the County of Lawrence refused to comply with the requisitions of the act, the County of Richland should be entitled to bring suit, &c.

The bill alleges a refusal by Lawrence County to comply with the foregoing act, and prays for a settlement and payment to Richland County of the sum due her under the provisions of said laws.

The Circuit Court dismissed the bill for want of equity. A single question has been submitted for the consideration of this Court, which is, the constitutionality of the "Act for the relief and benefit of Richland County."

It is insisted on the part of the County of Lawrence, that the legislature having omitted in the act creating the County of Richland to provide for a distribution of said fund, could not do so by a subsequent act; that by the receipt of the money it became the property of Lawrence County for the use of the inhabitants thereof, and was beyond legislative control.

The provisions of the Constitution supposed to be violated are Sec. 10, Art. 1, of the Constitution of the U. S., and Sec. 16, Art. 8, of the old Constitution of Illinois, which inhibit the passage of any *ex post facto* law, or law impairing the obligation of contracts: also the 1st and 2d sections of the 1st Art .of the Constitution of this state, which provide for a distribution of the powers of government into three distinct departments, and that one department shall not exercise the powers belonging to either of the others. Without determining whether it is competent for the legislature to control all the funds and property belonging to a public municipal corporation, like a county, it is clear that they had the right to control this fund. The case showed that the greater portion of it, and more than sufficient to pay Richland County what might be coming to her, was still unexpended.

The law did not grant the money to Lawrence County or the inhabitants thereof, but simply appropriated it *to be drawn* by the county and expended in the improvement of roads, constructing bridges, and other public works. To hold that the money belonged absolutely to Lawrence County would be a misinterpretation of the act making the appropriation. As well might it be insisted, that the millions of dollars appropriated by the same act and directed to be expended in the construction of railroads throughout the state, belonged to the board of commissioners of public works, who were to make the expenditure.

The money in this instance was appropriated out of the funds received by the state for purposes of Internal Improvement, and

was directed to be drawn and expended by the county officers in a particular manner. Before its expenditure, we cannot doubt that the legislature had entire control over the fund, either to resume it altogether, or to change the purposes for which it was originally designed to be expended.

There was no contract here between the State and Lawrence County, either at the time the appropriation was made, or when the county received the money. The county was the mere agent of the state, for the disbursement of a certain amount of the money of the state as she directed.

That the state may make a contract with, or a grant to a public municipal corporation, which it could not subsequently impair or resume, is not denied; but in such case, the corporation is to be regarded as a private company. A grant may be made to a public corporation for purposes of private advantage, and although the public may also derive a common benefit therefrom, yet the corporation stands on the same footing as respects such grant, as would any body of persons upon whom like privileges were conferred.

Public or municipal corporations, however, which exist only for public purposes, and possess no powers except such as are bestowed upon them for public, political purposes, are subject at all times to the control of the legislature, which may alter, modify, or abolish them at pleasure. 2 Kent's Com., 305; Bailey *v.* City of New York, 3 Hill, 531.

The case of Hampshire *v.* Franklin, 16 Mass., 76, so much relied upon in argument, was wholly unlike the present.

In that case the money sought to be recovered by the new county had belonged to the old one before the division; was never the property of, or received from the state, yet in that very case, although the Court held that it was not competent for the legislature to create a debt from one corporation to another, it was at last decided that Franklin was entitled to recover, upon the ground of assent on the part of Hampshire, though the evidence of such assent as shown by the case is not, to say the least, very apparent.

Had the fund appropriated by the Internal Improvement Act of 1837, to be drawn by the counties through which no public works were to be constructed, been absolutely given to the counties, to be by them applied to any and all purposes, as it subse-

quently was by an act of the legislature passed in 1845, there would be much more plausibility in contending that the legislature could not afterwards resume the fund.

The act of 1845 cannot, however, have any bearing upon the case under consideration, because the portion of the fund claimed by Richland County had been previously directed to be paid to her by a specific act, which is not repealed or affected by the general law of 1845. The County of Pike v. The State, 11 Illinois, 203.

The other objection to the act for the benefit of Richland County is, that the legislature in its enactment undertook to exercise judicial powers.

The act does not profess to fix the amount that Richland County shall receive, and if it did, we do not know that it would be objectionable in a constitutional point of view; but it simply provides for the equitable distribution of a fund over which the legislature at the time had entire control, and authorizes the bringing of suit in case the County of Lawrence should refuse to settle as provided by the act. We can see nothing of a judicial nature, or which the legislature might not properly do in the act in question.

The decree of the Circuit Court dismissing the bill is reversed and the cause remanded for further proceedings.

*Decree reversed.*