(No. 13364.—Reversed and remanded.)

GEORGE DENEEN et al. Defendants in Error, vs. TIMOTHY J. DENEEN et al. Plaintiffs in Error.

*Opinion filed June 16, 1920.*

1. COSTS—*specific items cannot be taxed as costs without statutory authority.* The right to costs is not a common law right but rests upon and is limited by statutory provisions, and specific items cannot be taxed as costs without express statutory authority.

2. DRAINAGE—*commissioners' expenses cannot be taxed as costs on petition to abolish district.* In an order abolishing a drainage district on the petition of a majority of the land owners, as provided in section 44 of the Levee act as amended in 1919, the expenses of the commissioners in employing an engineer and attorneys, and other incidental expenses and fees, cannot be taxed as costs, as the statute merely provides that the petitioner shall "pay all court costs."

3. SAME—*when constitutionality of statute is involved.* Courts do not entertain objections to the constitutionality of a statute unless the objection is made by one whose rights have been in some way affected, but the objection that a statute to abolish a drainage district on petition of the land owners impairs the obligations of contracts will be entertained where the commissioners, who have entered into contracts for the district, are parties to the proceeding to abolish it and represent parties whose contract rights will be affected.

4. CONSTITUTIONAL LAW—*what contracts are protected by constitutional provision against impairing their obligations.* The constitutional provision against laws impairing the obligations of contracts prohibits any law which impairs the obligations of contracts binding the parties to perform their agreement, whether the contract is executed or executory; and it is not only private contracts that are protected but also contracts made by the State with individuals and by municipalities or corporate agents of the State with individuals.

5. SAME—*franchise to corporate agent of State is not protected by provision against impairing obligations of contracts.* A legislative grant to a municipal or *quasi* municipal corporation for the exercise of some share of governmental powers in a locality does not constitute a private contract between the State and the corporation, and, unlike franchises granted to engage in business which might properly be transacted by a private corporation, such a franchise is not contractual in its nature nor protected by the constitutional

guaranty against laws impairing the obligations of contracts, but the legislature may amend or revoke such a franchise at its pleasure.

6. SAME—*extent to which section 44 of Levee act, as amended in 1919, for abolishing drainage districts, is unconstitutional.* The provision of section 44 of the Levee act, as amended in 1919, for abolishing drainage districts on the petition of a majority of land owners, is unconstitutional in so far as the order of court abolishing a district impairs the obligations of lawful contracts which the drainage commissioners have already entered into and by which they have incurred expenses authorized by statute to be paid by subsequent assessments.

WRIT OF ERROR to the County Court of McHenry county; the Hon. CHARLES P. BARNES, Judge, presiding.

M. A. CARMACK, R. F. MARSHALL, and D. T. SMILEY, for plaintiffs in error.

PAUL J. DONOVAN, (E. H. WAITE, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Cane Creek Drainage District of the towns of Dunham and Marengo, in the county of McHenry, was organized by order of the county court and the plaintiffs in error were appointed commissioners. They went upon the lands of the district and formed a plan for drainage and reported the same with the report of the engineer employed by them. Their report was confirmed by the court, and afterward a petition was filed by defendants in error, owners of lands included in the district, praying that the whole system of proposed works should be abandoned and the district abolished and that the court should enter an order according to the prayer of the petition upon the payment of court costs. The commissioners appeared and filed their written motion to strike the petition from the files on the ground that the act under which it was filed was unconstitutional and void

on account of a failure to make any provision for the payment of debts and expenses and the performance of contract obligations entered into by the commissioners for and in behalf of the district previous to the filing of the petition, and thereby the act impaired the obligations of lawful contracts. The court took the motion under advisement, to be decided with the hearing on the petition, and on that hearing the commissioners admitted that the contract for the construction of the proposed work in the drainage district had not yet been made by the commissioners, and that the petition to abandon the district contained a majority of all the land owners of the district owning more than one-half in area of the lands therein. The court denied the motion to strike the petition from the files, granted the prayer of the petition and entered an order that the district be abolished, upon condition that the petitioners should pay the court costs within thirty days. Statements of the accounts of the engineer and attorneys employed and of the commissioners were filed and the commissioners moved the court to tax the same as court costs. The petitioners admitted that the fees and incidental expenses as shown by the bills were reasonable, but objected to the taxing of the same as court costs on the ground that they were not taxable as costs under the statute. The court adopted that view and denied the motion because the per diem and expenses of the commissioners could not be taxed as court costs. A writ of error was sued out of this court to bring the record here for review.

The court did not err in refusing to tax the expenses of the commissioners as court costs. At common law costs were not recovered, and the right to costs, as such, rests entirely upon and is limited by statutory provisions. Unless a statute clearly gives authority to tax specific items as costs it cannot be done. *Smith* v. *McLaughlin,* 77 Ill. 596; *Dobler* v. *Village of Warren,* 174 id. 92; *Gehrke* v. *Gehrke,* 190 id. 166; *Metropolitan Life Ins. Co.* v. *Kinsley,* 269 id. 529.

Section 44 of the Levee act, under which the Cane Creek Drainage District was organized, as amended in 1919, (Laws of 1919, p. 440,) contains the following provision: "And at any time before the contract for the construction of the proposed works shall have been made, upon presentation to the county court of a petition signed by a majority in number of all the land owners of such district, and owning more than one-half in area of lands in the district to which the petitioners belong, praying that the whole system of proposed works may be abandoned and the district abolished, the court shall enter upon its record an order granting the prayer of such petition, upon condition that the petitioners pay all court costs within thirty (30) days from the rendition of such order. If such petitioners fail to comply with such order, it shall be considered after the expiration of said thirty (30) days, as of no force or effect whatever. If the district be abolished under this section, assessments collected shall be refunded to the persons who have paid the same, or their representatives."

This law upon its face and by its terms does not purport to affect or in any way modify, abrogate or change any contract or destroy the remedy provided by law for the performance of any agreement, and such a law may be operative in some cases to which it applies without impairing any constitutional right and is therefore not wholly void. Its operation may interfere with constitutional rights, dependent upon the existence of contract obligations and the effect of the application of the law in the impairment of such obligations, and when so applied it is unconstitutional. If there is no creditor of a drainage district and no liability except for court costs no constitutional right will be invaded, and courts do not entertain objections to the constitutionality of a statute unless the objection is made by one whose rights have been in some way affected. (*People* v. *McBride*, 234 Ill. 146.) If there is a creditor or a party to a contract whose right is affected or remedy destroyed

he may be heard to assert his right, and no statute will be permitted to impair the obligation of his contract. The statute declares that upon the organization of a drainage district it shall in its corporate name, by its commissioners, henceforth have power to contract and be contracted with, sue and be sued, plead and be impleaded, and do and perform, in the corporate name of said district, all such acts and things as may be necessary for the accomplishment of the purposes of the act. The commissioners are to go upon the land and determine upon a system of drainage and employ a competent engineer and make their report in writing, with maps, profiles and estimates of cost. The commissioners of Cane Creek Drainage District, acting for the district, exercised these powers, entered into contracts and made a report to the court of their acts, which was confirmed. They were parties to the proceeding to abolish the district, and as such parties represented not only their own right but the rights of those whom they had employed and with whom they contracted in behalf of the district, who were not parties to the proceeding. The fact that no evidence was offered on the hearing of the motion to prove the making of the contracts does not affect the right, because the existence of contracts appeared from the records of the court, and the ruling of the court was on the ground that those who had contract rights with the district could not lawfully object to the destruction of those rights.

The constitutional provision prohibits any law which impairs the obligation of a contract binding the parties to perform their agreement, whether the contract is executed or executory, and it is not only private contracts that are protected but the protection extends to contracts made by the State with individuals. (*Bruce* v. *Schuyler*, 4 Gilm. 221; *Green* v. *Biddle*, 8 Wheat. 1; *Poindexter* v. *Greenhow*, 14 U. S. 270; *New Orleans Gaslight Co.* v. *Louisiana Light and Heat Producing Co.* 115 id. 650; *Dartmouth College* v. *Woodward*, 4 Wheat. 518; 6 R. C. L. 333.) Nec-

essarily, what the State itself may not do it may not authorize a municipality or other agency of the State to do, and the protection extends to contracts made by such municipalities or agencies with individuals.

It is true that a legislative grant to a municipal or *quasi* municipal corporation for the exercise of some share or portion of governmental powers in a locality does not constitute a private contract between the State and the corporation, and, unlike franchises granted to engage in business which might properly be transacted by a private corporation, such franchises are not contractual in their nature nor protected by the constitutional guaranty against changes, and the General Assembly may amend, change or revoke the charter at its pleasure. (*Bush* v. *Shipman,* 4 Scam. 186; *County of Richland* v. *County of Lawrence,* 12 Ill. 1; *Trustees of Schools* v. *Tatman,* 13 id. 27; *Town of Cicero* v. *City of Chicago,* 182 id. 301; *Chalstran* v. *Board of Education,* 244 id. 470; 12 Corpus Juris, 1003.) The question whether the General Assembly could abolish a drainage district, leaving its creditors without a remedy, is not here involved because that was not attempted, but a majority of the land owners were authorized to put an end to the district by obtaining an order of the court, and, if there were contract obligations, impairing their obligation and destroying the remedy, which is a quite different thing. In the case of *Chalstran* v. *Board of Education, supra,* where there was a somewhat similar proceeding for abolishing a high school district and there were funds in the hands of the board to meet a contract obligation, it was not considered that the district came to an end and was released from its obligations, but it was held that under the language of the statute the existence of the corporation would be held to continue for the discharge of such obligations.

It was held in several cases that commissioners of a drainage district, under the provisions of the statute, could not contract for the construction of levees, drains and

ditches, or for the repair of those already constructed, in advance of an assessment and then levy an assessment for the purpose of meeting the indebtedness. The first case was *Badger* v. *Inlet Drainage District,* 141 Ill. 540, where the commissioners made a contract for the removal of a dam across Inlet creek, and also the masonwork, stone abutment and flume in connection with the dam, without any authority expressly required by section 37 and before any assessment, and the decision was followed in *Winkelmann* v. *Moredock and Ivy Landing Drainage District,* 170 Ill. 37, *Ahrens* v. *Minnie Creek Drainage District,* id. 262, and *Vandalia Drainage District* v. *Hutchins,* 234 id. 31. Those cases do not sustain an argument that the General Assembly, in authorizing the commissioners to make preliminary surveys and contracts and incur expenses before any assessment is made, intended that they should never be paid and no assessment should be made to pay them, but, at any rate, the question has been settled by the amendment of the act. In 1909 section 37 was amended so as to authorize assessments to pay obligations already incurred for the current expenses of the district, and in *Meridian Line Drainage District* v. *Wiss,* 258 Ill. 600, it was said that the current expenses included the per diem allowed drainage commissioners and attorneys' fees. The question was finally set at rest in *Hunt Drainage District* v. *Cole,* 283 Ill. 105, where it was decided that the current expenses of a drainage district include expenses necessarily incurred in making surveys and plans in order to report to the court the nature and extent of the work which the commissioners conclude ought to be done, and an assessment may be levied to pay such expenses. In this case there were contracts entered into and expenses incurred within the express terms of the statute, and the remedy provided by the law for payment was a special assessment on lands of the district. The right was a contractual right, which could and would be enforced by the courts and which the State was prohibited from im-

pairing in any manner. As applied to a case where no contract obligation has been entered into and no expenses incurred and the payment of court costs will leave no obligation of the district, the operation of the statute would not deprive anyone of a constitutional right, but the statute as applied in this case by the order of the court is in violation of the constitutional prohibition against impairing the obligation of contracts. The costs and expenses incurred were not paid, satisfied or released, and the order of the court was destructive of a remedy provided by the law and prohibited by the constitutional provision.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*