(No. 15669.—Judgment affirmed.)
JOHN F. REGAN *et al.* Appellees, *vs.* THE UPPER SALT
CREEK DRAINAGE DISTRICT, Appellant.

*Opinion filed February 19, 1924.*

1. DRAINAGE—*when objections of commissioners cannot be considered on review of order abolishing a district.* Where drainage commissioners enter their limited appearance and file objections to the jurisdiction of the court in a proceeding to abolish a drainage district but the commissioners do not appeal from the order abolishing the district, the action of the court in overruling their objections is not subject to review on the appeal by the district itself.

2. SAME—*claim of judgment creditor who did not appeal can not be considered in reviewing order abolishing district.* Where a party claiming to be a judgment creditor files an answer to a petition to abolish a drainage district and prays but does not perfect an appeal from the order abolishing the district, the action of the court in striking the answer from the files cannot be considered on appeal by the district itself nor can the district assign error on such ruling.

3. SAME—*petition to abolish levee district need not state it is signed by majority of land owners.* No particular form is required of the petition to abolish a drainage district under section 44 of the Levee act as amended in 1919, and it is no objection to the petition that it does not state that it is signed by a majority of the land owners owning a majority of the land in the district.

4. SAME—*proof of ownership of land is not necessary to petition to abolish district.* It is not necessary, in order to validate a petition to abolish a levee drainage district, to make proof of the ownership of the land of the district by the signers of the petition, and where no issue as to such ownership is raised in the pleadings, an affidavit of one claiming to know the land of the district that the persons signing the petition represent more than one-half of the owners of the land owning more than one-half thereof is sufficient *prima facie* proof.

5. SAME—*petition to abolish district need not state that no contract has been let.* Petitioners for the abolishing of a levee drainage district, in order to give the court jurisdiction of their petition, need not set out that no contract for construction of the improvement in the district has been let, but that is a matter to be determined by the court before making the order abolishing the district and is matter of defense.

6. SAME—*what is sufficient proof of publication of notice of a petition to abolish a district.* The certificate of the secretary and treasurer of a corporation publishing a daily newspaper, accompanied by her affidavit, that a notice of a petition to abolish a levee drainage district was published in the newspaper once a week for three successive weeks, giving the dates of the first and last publications, is a sufficient compliance with the statute that such publication be proved by affidavit of a credible person.

7. SAME—*three weeks' notice of petition to abolish district need not be three weeks before first day of next term.* The three weeks' notice of a petition to abolish a levee drainage district need not be three weeks prior to the first day of the next term of court, as the statute merely requires three weeks' notice of the presentation and filing of the petition, and the return day is fixed with reference to the date of the filing of the petition, being any day far enough in the future to permit the statutory notice to be given.

APPEAL from the County Court of Logan county; the Hon. L. B. STRINGER, Judge, presiding.

HAROLD F. TRAPP, for appellant.

PETER MURPHY, and ANDERSON & MANGAS, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the county court dissolving the appellant drainage district, located in Logan county. The district was organized in 1920 and comprised 7622 acres. On December 23, 1922, the commissioners filed an assessment roll, with plans and specifications of proposed ditches and improvements, which it was estimated would cost $190,000. Thereafter, on March 6, 1923, the petition to dissolve the district was filed. On June 4 an order was entered dissolving the district, provided the costs in the amount of $207.05 were paid within thirty days thereafter. The appellant district brings the cause here for review.

The drainage commissioners entered their limited appearance and filed objections to the jurisdiction of the court, which objections were overruled. As the commissioners are not appellants here, the action of the court in overruling their objections to jurisdiction is not subject to review.

The appellant district filed a plea to the jurisdiction of the court, by which it challenges its jurisdiction of the persons by reason of insufficiency of notice but does not challenge its jurisdiction of the subject matter or the sufficiency of the petition to confer jurisdiction on the subject matter. The plea, on hearing, was overruled, and the appellant district failing to answer, the parties defendant were defaulted and the petition taken as confessed. The appellant district, however, contends that the petition was not sufficient to give the court jurisdiction, and that questions as to jurisdiction of the court to enter the order can be attacked even for the first time on review.

The Lincoln National Bank of Lincoln, Illinois, filed an answer to the petition to dissolve, setting up that it had a claim in the nature of a judgment against the district amounting to $2000. This answer was, on motion of the appellees, stricken from the files, and the filing of the same was thereafter again refused by the court on application of the bank. An appeal was prayed but not perfected. Therefore no question arises on the record at this time concerning this action of the court.

The issues involved on this review are the sufficiency of the petition and of the notice. It is also contended by the appellant that the evidence did not justify the judgment of the court.

Concerning the sufficiency of the petition, it is urged that it is insufficient in substance. It is not disputed that the petition was signed by the different land owners purporting to sign it. The petition consists of a number of sheets of paper bound together. The first sheet of the peti-

tion has the following heading: "The undersigned petitioners respectfully represent that they are a majority in number of all the land owners of and in such district and that they own more than one-half in area of all lands in said district, and respectfully pray that the whole system of proposed works in said district may be abandoned and the said district abolished, as provided by section 44 of the Drainage act passed and in force May 29, 1879, and as amended thereafter." Following this statement appear the names of forty persons signed thereto as owners of the land. A number of other pages appear thereafter in the petition which are headed in the following language: "The undersigned petitioners respectfully pray that the whole system of proposed work in said district may be abandoned and said district abolished, as provided by section 44 of the Drainage act passed and in force May 29, 1879, and as amended thereafter." These sheets are bound together, and to them is attached the affidavit of Albert C. Forbis, who states that he is acquainted with the territory comprising the drainage district and knows who own the several tracts of land, and asserts that the petition was signed by a majority of all the owners of land in the district, and that the signers own more than one-half of the land in area; also that no contract for the construction of any works or proposed works within or for said district had been made or entered into by it. Following the names of non-resident land owners, appear the acknowledgments taken by each of them before notaries public.

It is contended that the petition is not sufficient for the reason that the headings do not all contain the statement that the undersigned are a majority of the land owners owning a majority of the land of the district, and for the further reason that the petition does not state that no contract has been let; that these are jurisdictional matters and that it is necessary that they be set out. Cases are cited holding that the jurisdiction of the county court in drain-

age matters is created by the statute and that the statutory provisions must be followed. There is no denial of or doubt about this rule as laid down in the cases cited, but appellees contend that it is not necessary that the headings should contain the statement claimed by the appellant to be necessary, or that the signatures should be all under one heading where, as here, the different sheets of the petition are bound together and the court is able to see from an examination of it that a majority of the land owners owning a majority of the land signed the petition for dissolution.

The dissolution in this case was ordered under section 44 of the Levee act as amended in 1919, which provides that a majority in number of all the land owners of a drainage district organized under the act, owning more than one-half of the area of the lands in the district, may petition the county court, at any time before any contract for construction of the proposed work shall have been let, that the whole system of proposed works be abandoned and the district abolished, and that upon the presentation of such petition it is mandatory upon the county court to enter upon its records an order granting the prayer of the petition on condition that the petitioners pay all court costs within thirty days after the rendition of the order. There is nothing in the statute requiring any particular form of petition, nor is it an objection that the petition does not state that a majority of the land owners owning a majority of the land had signed it. As was said in *Town of Somonauk* v. *People,* 178 Ill. 631: "Such an averment could not be truthfully made by any petitioner except the one whose signature would complete the requisite number and those who might afterwards sign,—a consideration which demonstrates the groundless character of the objection." In *Hansmeyer* v. *Indian Creek Drainage District,* 284 Ill. 458, this court again had before it the matter of the sufficiency of a petition prepared and circulated in different parts. It was there said: "If a petition had been prepared in dupli-

cate and some of the petitioners had signed one and the rest another of the duplicates, and both had been filed, they would have constituted a single petition, and there is no substantial difference in what was done here." The petition contains the signatures of 121 land owners out of a total of 154. The petition clearly asks a dissolution of the district under section 44 of the Levee act. The affidavit attached thereto shows that the persons signing the consolidated petition represent more than one-half of the owners of the land, owning more than one-half thereof. There is no answer raising any question as to whether or not the purported signatures are true, or whether or not the signers are land owners, or whether they represent a majority of the land. The proof made by the affidavit, therefore, presented a *prima facie* case. Moreover, there was an examination in open court of witnesses on this subject, and the court had before it the petition for organization and the assessment roll, both of which showed the acreage and number of owners.

It is contended that it was necessary, in order that the petition be 'valid, to make proof of the ownership of the land of the district as shown in the petition. No such issue was raised in the pleadings and the proof made was sufficient. *Cosby* v. *Barnes,* 251 Ill. 460; *Hollenbeck* v. *Detrick,* 162 id. 388.

Nor was it necessary that the petitioners set out in the petition that no contract for construction of the improvement had been let. That was a matter which was, of course, necessary to be determined by the county court before making the order, but the presence of such an averment in the petition was not necessary to give the court jurisdiction of the subject matter. If a contract had been let it was a proper matter of defense, and no such defense was raised. We are of opinion that the petition was sufficient. The record, on examination of witnesses, shows

that no contract for the construction of the work had been let.

It is also objected that proof of notice was not sufficient. It is not contended that the notice was not sufficient but that the manner of making proof before the court did not show that statutory notice was given. The certificate of the clerk shows the mailing and posting of notices as required by law. There is a certificate of the Courier-Herald Company, which publishes a newspaper printed in Lincoln, by Allyne V. Carpenter, secretary and treasurer, that a notice, of which a true copy was annexed, was published in the paper nineteen times for nineteen successive days; that the first publication was May 8 and the last publication was May 29. The notice required by section 44 is that provided in section 3 of the Levee act for the length of time and in the manner there provided. Section 3 provides: "The clerk of said county court shall cause three weeks' notice of the presentation and filing of such petition to be given, addressed 'to all persons interested,' by posting notices thereof at the door of the court house of the county or counties in which the district is situated, and in at least ten of the most public places in such proposed district, and also by publishing a copy thereof at least once a week for three successive weeks, in some newspaper or newspapers published in the county from which the larger part of said district is proposed to be formed. * * * The certificate of the clerk, or the affidavit of any other creditable person, affixed to a copy of said notice, shall be sufficient evidence of the posting, mailing and publication of said notices." Allyne V. Carpenter also filed with her certificate her affidavit that she is secretary and treasurer of the Courier-Herald Company, and that a notice, of which a true copy was attached, was published in the *Lincoln Daily Courier-Herald* at least once a week for three successive weeks, the first publication being May 8, 1923, and the last publication May 29, 1923. This proof of publication complies with

the statute requiring that it be proven by the affidavit of a credible person, and the objection to it is without merit.

It is also objected that the notice should have been to a succeeding term of court, and that the three weeks' notice required by the statute should have been three weeks prior to the first day of some term of the county court. It was held in *People* v. *Munroe,* 227 Ill. 604, where this question was raised and where the statute provided that the clerk shall cause three weeks' notice of the presentation and filing of such petition to be given, that the legislative purpose of such language was to fix the return day with reference to the date of the filing of the petition, and that the writ might be returnable on any day which was far enough in the future to permit the statutory notice to be given. This objection to the notice cannot be sustained.

Counsel for appellant appears to have assigned error on the action of the county court in striking the answer of the Lincoln National Bank from the files. As we have seen, the bank did not perfect the appeal granted it and is not here complaining, and we do not understand wherein it is to the interest of the appellant district to have a judgment against it protected. Moreover, that question has been definitely settled by the holding of this court in *Deneen* v. *Deneen,* 293 Ill. 454, *Schewe* v. *Glenn,* 302 id. 462, and *Bossert* v. *Granary Creek Drainage District,* 307 id. 425, and while it is suggested that the court ought not to adhere to the ruling in those cases, we see no justification for modifying those decisions.

We find no reversible error in the record in this case. The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*