(No. 33060.—

Arthur J. Daily *et al.,* Appellants, *vs.* Lawrence Leigh *et al.,* Appellees.

*Opinion filed March 17, 1954—Rehearing denied May 19, 1954.*

HUTTON, CLARK & HUTTON, of Danville, for appellants.

BOOKWALTER, CARTER, GUNN & HICKMAN, of Danville, and PACEY & PACEY, of Paxton, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from the judgment of the county court of Vermilion County, dismissing a proceeding for organization of a drainage district in that county and refusing to allow certain charges and fees in favor of appellants, who had previously been named by the county court as commissioners of said district.

The history of the attempted organization shows the following facts. A number of landowners filed a petition in the county court of Vermilion County seeking to organize the East Lynn Drainage District. The proposed district was approximately 8½ miles long north and south and contained approximately 9300 acres of land, of which 3720 acres lay south of a paved highway running east and west, designated as highway No. 9. Commissioners were appointed by the county court January 7, 1952.

The first report of the commissioners was filed, and, upon the hearing of objections by 56 landowners, the court found that all land south of highway No. 9, containing 40 per cent in area of the land and practically one half of the length of the ditch as planned, would not be benefited

by the improvement, and entered an order excluding such lands from the proposed district. The court also required a new and amended report of the drainage commissioners to be filed.

Accordingly an amended report was filed by the commissioners, to which many objections were interposed. Afterwards, a second amended report was filed which disclosed on its face that the cost of the proposed improvement to the land left in the district would exceed the benefits to accrue to the said lands. The amended report recommended that the proceedings be dismissed in the manner provided by law. Thereupon the court dismissed the proceeding and later the commissioners filed a report of costs and expenses incurred by them, to which objections were filed by the petitioners. No levy of an assessment for expenses or for the improvement was ever made. Items included in the commissioners' report of costs and expenses incurred were, item 4, engineers' fees $6750; item 5, attorneys' fees $7650; item 3, per diem of commissioners $927.54. It was the contention of the appellants that the original petitioners for the organization of the drainage district were responsible for the costs and expenses incurred, including the three items above set forth.

Objections were filed to items 3, 4 and 5. On a hearing of the objections the county court held that each of the above claims for expenses, being the items for engineers' fees, attorneys' fees and per diem of commissioners, be denied.

The appeal in this cause comes from the order of the county court denying the allowance of the three items above specified as costs, and holding specifically that commissioners' fees, engineers' fees and attorneys' fees are not taxable as costs under section 10 of the Levee Act. Ill. Rev. Stat. 1953, chap. 42, par. 11; Jones Ann. Stat. 42.016.

The sole question for decision on this appeal is whether the original petitioners applying for the organization of a

drainage district under section 10 of the Levee Act are responsible for all costs and expenses incurred by the commissioners, where the petition is dismissed by the court because the commissioners' report found that the costs, expenses and damages were more than equal to the benefits.

It is the contention of the appellants that both section 5 and section 10 of the Levee Act provide that when the proceedings are dismissed they shall be dismissed "at the cost of the petitioners." Section 5 concerns dismissal of the proceedings upon the hearing of the petition to organize a district. Section 10 refers to dismissal of the proceedings upon the report and recommendation of the commissioners as above mentioned.

Section 10, upon which appellants rely, reads as follows: "If the commissioners shall find that such costs, expenses and damages are more than equal to the benefits which may inure to the lands in general of said district by reason of the proposed work, they shall so report, and the proceeding shall be dismissed at the cost of the petitioners."

The question arises as to whether engineers' fees, attorneys' fees and commissioners' per diem are included in the word "costs" or is the word limited to costs that may be taxed by the clerk.

It is well established law in this State that the allowance and recovery of costs rest entirely upon statutory provisions, in the absence of which there is no liability. Any party to an action, claiming the right to recover costs from his adversary must found his right upon some provision of the statute. (*Ritter* v. *Ritter*, 381 Ill. 549.) In that case this court held that the allowance and recovery of costs rests entirely upon statutory provisions, and no liability for attorneys' fees exists in the absence of a statute.

The appellants insist that under section 5 of the Levee Act whatever engineering and legal services were necessarily and reasonably incurred prior to the order dismissing

the proceedings must be assessed against and paid by the original petitioners. In support of their position they cite two cases, *Goudy* v. *Mayberry*, 272 Ill. 54, and *Looker* v. *Buente*, 325 Ill. 402.

While the briefs contain a great deal of discussion over the *Goudy case*, we believe the opinion clearly shows that it was not the intention of the legislature to require original petitioners to pay the costs of a proceeding after the district was legally organized. The concluding paragraph of that opinion finds: "Whatever costs and expenses were earned and accrued up to and including the time of entering the order by the county court on July 19, 1911, holding that the original petition was sufficient to organize the district, must be charged to the original petitioners. They are not liable for any charges or costs accruing thereafter."

The case of *Looker* v. *Buente* merely held as follows: "We are disposed to hold that the petitioners for the organization of a drainage district are liable for the necessary expenses of any engineering work necessary to the presentation of the petition, but they are not liable for the detailed work such as the plaintiff did in this case, necessary to a complete system of drainage preparatory to the presentation of the petition. * * * We are of the opinion the attorney for the plaintiff, who was also attorney for petitioners, had no right to bind defendant by the employment of plaintiff without his consent, express or implied, and the proof does not show any such consent."

The opinion in the *Looker case* also held that "No decision of this court has been referred to holding that a petitioner for the organization of a drainage district which is never organized thereby becomes liable for all expenses incurred."

The commissioners in this case were appointed by the county court on January 7, 1952, and filed their report of costs and expenses in that court on April 2, 1953. In the

meantime they had incurred an indebtedness of approximately $15,000, without any attempt to levy an assessment or to provide for the payment of such expenses.

In the case of *Deneen* v. *Deneen*, 293 Ill. 454, this court held that the right to costs is not a common-law right, "and the right to costs, as such, rests entirely upon and is limited by statutory provisions. Unless a statute clearly gives authority to tax specific items as costs, it cannot be done."

We do not find any statutory authority or any decision of this court which provides that attorneys' fees, engineers' fees or per diems of commissioners can be recovered as costs and assessed against petitioners in an unsuccessful drainage project.

The judgment of the county court of Vermilion County is, therefore, affirmed.                    *Judgment affirmed.*