19 Ill. App.3d 894 (1974)
312 N.E.2d 328
THE PEOPLE ex rel. ILLINOIS STATE DENTAL SOCIETY et al., Plaintiffs-Appellees,
v.
FRANK IOLE et al., Defendant-Appellant.
No. 59129.
Illinois Appellate Court  First District (5th Division).
April 19, 1974.
Rehearing denied May 22, 1974.
Kenneth N. Flaxman, of Chicago, for appellant.
Bernard E. Epton and Russell S. Barone, both of Epton and Druth, Ltd., of Chicago, for appellees.
Judgment affirmed.
*895 Mr. JUSTICE DRUCKER delivered the opinion of the court:
This is an appeal from an action brought to enforce compliance with an injunctive decree barring defendant from engaging in acts constituting the unlawful practice of dentistry. After defendant was found guilty of violating the injunction, a new decree was entered prohibiting him from working as a dental technician without first obtaining leave of the court. In addition, a judgment for $1785 in costs was entered against defendant.
On appeal defendant contends that (1) the decree conditionally restraining him from accepting employment as a dental technician is an overbroad injunction, (2) there is no express statutory provision authorizing the award of costs in a case of this nature, and (3) the judgment for costs was not supported by the evidence.
On July 21, 1971, pursuant to Ill. Rev. Stat. 1969, ch. 91, par. 71a, a permanent injunction was entered against defendant restraining him from engaging in acts constituting the practice of dentistry. It is uncontroverted that almost immediately thereafter defendant embarked upon a series of acts in direct violation of the injunction, and that these acts continued for a period of approximately 1 year.
On July 13, 1972, plaintiffs filed a petition to show cause why defendant should not be held in contempt of court. In support of their petition plaintiffs submitted the affidavits of witness-investigators detailing acts of defendant which violated the injunction. The petition and attached affidavits indicated that he violated the injunction on at least 30 occasions. Plaintiffs paid these investigators for their work. In addition, during the course of the investigation money was paid to defendant for dentures manufactured by him.
Following a number of continuances, all requested by defendant or caused by his absence, a hearing on the rule to show cause was set for December 5, 1972. The record indicates that defendant, though present in the courthouse, did not appear when court was convened. The court, noting the many continuances that had already been granted and not wishing "to subject [plaintiff's] witnesses to another delay," ordered the hearing to proceed. Testimony was adduced that defendant, while operating the "A-Accurate Dental Laboratory," engaged in acts constituting a violation of the injunction. Defense counsel was given full opportunity to cross-examine these witnesses. At the conclusion of the testimony the court directed defense counsel to produce defendant in the courtroom when the proceedings were to reconvene that afternoon. Although defendant was again seen in the courthouse, defense counsel was unable to secure his presence. Counsel requested leave of the court to withdraw, which was granted.
*896 An attachment for contempt was issued against defendant reciting all that had transpired; he was arrested and on February 13, 1973, having retained a new attorney, he appeared before the court. He testified that he was no longer in the dental laboratory business, had no intention of returning to that line of work and would never again use his dental laboratory equipment. The court stated that although "there is no doubt he [defendant] deserves to go to jail * * * I'd be depriving him of the means of making a living while he is incarcerated." The court stated that it was considering the entry of a consent decree incorporating the representations made by defendant concerning his intentions never again to work as a dental technician and requested plaintiffs to draft a decree to that effect. In addition, on motion of plaintiffs, a judgment in the amount of $1785 in costs was entered against defendant. In explaining the terms of the decree the court stated, "You can not work for a laboratory. You can not operate a laboratory without coming to this court for permission." Defendant replied, "Thank you very much."
Defendant appeals to this court contending that the decree entered below conditionally restraining him from working as a dental technician is an overbroad injunction.[*] Plaintiffs respond that rather than an injunction, a consent decree was entered below and, consequently, it is not subject to appellate review. See James v. James, 14 Ill.2d 295, 152 N.E.2d 582; Massell v. Daley, 404 Ill. 479, 89 N.E.2d 361; Bergman v. Rhodes, 334 Ill. 137, 165 N.E. 598.
 1, 2 A consent decree is not a judicial determination of the rights of the parties; it is, instead, a recital of an agreement between them. (Massell.) While as a general rule such a decree should indicate on its face that it was entered into by consent, a showing of this nature is not necessary since agreement to the decree "may be shown by other evidence which does not contradict but is consistent with it." Rhodes at p. 142.
 3 In the case at bar defendant at several points in the proceedings volunteered that he was no longer in the dental laboratory business and had no intention of returning to that line of work. He further stated that he had no further use for his laboratory equipment. The court, though noting that defendant "deserved" to go to jail, took cognizance of these representations and discussed the drafting of a consent decree *897 into which they would be incorporated. We believe that the absence of any defense objection to the use of the term "consent decree" indicates agreement with the disposition of the case in this manner. Moreover, at the close of the proceedings on February 13, the court carefully explained to defendant that he would not be able to take employment as a dental technician without first obtaining its permission. Defendant, rather than protesting these conditions, thanked the court.
 4 Of course, defendant, having been adjudged guilty of contempt of court, faced the possibility of incarceration. This fact, however, does not constitute so substantial a coercive influence as to invalidate the decree. Defendant, ably represented by counsel, suggested the terms ultimately incorporated into the decree and repeatedly pressed them on the court. There can be no doubt that his consent was voluntary. Cf. In re 4145 Broadway Hotel Co., 100 F.2d 7 (7th Cir.).
 5 Defendant next contends that there was no express statutory authority for the award of costs and therefore the court below erred in entering judgment against him for plaintiffs' witness fees and litigation expenses. (See, e.g., Daily v. Leigh, 2 Ill.2d 499, 119 N.E.2d 204; Trustees of Schools v. Schroeder, 8 Ill. App.3d 122, 289 N.E.2d 247.) We find, however, that the statute authorizing the enjoining of the unlawful practice of dentistry does, in fact, include a cost provision of this nature. (Ill. Rev. Stat. 1971, ch. 91, par. 71(a).) This statute provides, in pertinent part, that an action may be maintained:
"* * * in the name of the people of the State of Illinois to perpetually enjoin any person from so unlawfully practicing dentistry and from the doing, committing or continuing of such unlawful act. In all proceedings hereunder the court, in its discretion, may apportion the costs among the parties interested in the suit, including cost of filing complaint, service of process, witness fees and expenses, court reporter charges, reasonable attorney fees."
An examination of the text of the statute clearly demonstrates that (1) its cost provisions apply to "all proceedings" brought under the act including those brought to enjoin the commission of continuing unlawful acts and (2) the allowance of witness fees and expenses contemplates a more inclusive definition of such costs than the per diem "fees of witnesses" established by Ill. Rev. Stat. 1971, ch. 53, par. 65. Defendant's continuing commission of unlawful acts necessitated the instant litigation. The record indicates that plaintiffs' paid witness-investigators incurred substantial expenses, including the payment of monies to defendant, in the course of their investigation. Therefore, it was clearly within the discretion of the court to enter a judgment for costs for these "witness fees and expenses" against defendant.
*898 Defendant finally argues that the cost judgment was not supported by the evidence.
The court may grant a judgment for costs in an amount based on its own experience where an evidentiary hearing on the matter has not been held if one has not been requested. (Cf. La Salle National Bank v. Brodsky, 51 Ill. App.2d 260, 201 N.E.2d 208.) This is a matter of discretion with the court, and that discretion will not be reviewed except for abuse. Fleming v. Dillon, 370 Ill. 325, 18 N.E.2d 910.
In the case at bar defendant engaged in a course of conduct in violation of the original injunction for a period of approximately 1 year. Plaintiffs hired witness-investigators to look into this matter, and these witness-investigators paid monies to defendant during the course of their investigation. In addition defendant's absences caused these witnesses to come into court on more than one occasion. Finally, plaintiffs incurred expenses in effecting the arrest of defendant due to his contumacious behavior. Knowing this, the court was clearly able to determine that the $1785 judgment for costs was reasonable. In view thereof and because defendant neither objected nor demanded further proof when the court directed that judgment in this amount be entered, we find no reason to disturb the order entered below.
The consent decree and the judgment for $1785 are therefore affirmed.
Affirmed.
SULLIVAN, P.J., and LORENZ, J., concur.
NOTES
[*] The order entered below prohibits defendant from working as a dental technician:

"* * * at any time in the future, except insofar as, on petition presented to this Court by the said defendant, the Court may, upon terms that it deems just and meet, grant said petition at such time as it is presented by said defendant."